UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NICHOLE MARIE McDANIEL, and
LESSIE LEE DAVIES,
both individually and on behalf of a class of others
similarly situated,

    -against-
                                        04-CV-0757(GLS)(RFT)

COUNTY OF SCHENECTADY,
HARRY BUFFARDI, both individually and in
His official capacity as Sheriff of the County of
Schenectady, GORDON POLLARD, both
Individually and as Undersheriff of the
County of Schenectady, and ROBERT
ELWELL, both individually and as Major
In the Schenectady County Sheriff's Department,

                                  Defendants.
----------------------------------------------------------X

## Decision and Order
### I. Introduction

Pending before the court is the final approval of a class action Settlement Agreement. On September 5, 2007, this court conducted a final fairness hearing to determine whether the proposed Settlement Agreement between the parties was fair, reasonable and adequate, and to address Class Counsel's application for an award of attorneys' fees and costs. The transcript of that hearing along with this Decision and Order constitutes the

1

full decision of this court.

For the reasons that follow, this court approves the settlement agreement in all respects except as to attorneys' fees. The court will only permit attorneys' fees for the time spent by the attorneys for the class at the hourly rates traditionally charged in their native jurisdiction.

Previously, the court reserved on whether it would authorize payment of attorneys' fees to prosecute an appeal. Because it refused to add a "factor" authorizing a fee award beyond the actual hours expended, the court also stated that counsel would be, compensated for work already performed, and to be performed, which was not reflected in the previously submitted fee documentation (i.e. work for the Final fairness hearing through the filing of the proposed order). In light of oral argument and the proposed order submitted, the court now modifies it previous statement for sake of clarity. Subject to court approval upon submission of accurate billing records, the court authorizes additional compensation to class counsel for work done from the final fairness hearing through the submission of the proposed order. *See Dkt. No.* 141. The court will not authorize counsel fees to prosecute an appeal, or otherwise provide any future compensation beyond the time expended through the preparation of

2

the proposed order currently before the court.  *See Dkt. No. 141*.  Class counsel is to submit, within SEVEN days of this order, the amount of attorneys' fees for the time expended for the final fairness hearing through the preparation of the proposed order currently before the court.

## II. Discussion

The court, having read and considered the Settlement Agreement, the Notice Plan, and Memoranda of Law submitted by Class Counsel, having reviewed the Defendants' response and opposition regarding attorneys' fees, having received evidence at the hearing, having heard arguments from Class Counsel and the Defendants, and having considered the submissions by Class members, now rules as follows:

## FINDINGS OF FACT

i. This action was commenced on June 29, 2004, as a class action.

ii. After many months of intensive litigation, including extensive discovery and motion practice before this court, and as a result of intensive, arm's length negotiations between Class Counsel and Defendants, including a daylong settlement conference before Magistrate Judge Randolph F. Treece on May 17, 2005, the parties have reached

3

accord with respect to a Settlement that provides substantial benefits to Settlement Class Members, in return for a release and dismissal of the claims at issue in this case against the Defendants ("Settlement Agreement"). The resulting Settlement Agreement was preliminarily approved by the court on November 29, 2006.

   iii. As part of the Order Granting Preliminary Approval, this court approved a proposed Notice Plan and Class Notice, which provided Settlement Class Members notice of the proposed settlement. The Notice Plan provided an opportunity for class members to file objections to the Settlement.

   iv. As of the deadline for the filing of objections, only one objection was filed. This objection, filed by an individual incarcerated in state prison, failed to detail any basis for the objection. Given the size of this Settlement, and the notice plan described above, this court finds that the comparatively low number of objections is indicative of the fairness, reasonableness and adequacy of the Settlement with the Defendants.

   v. Class Counsel has filed with the court affidavits from JoAnn Graff, Rust Consulting, and Dong He Chang, I Partners Inc., declaring that the mailing of the court-approved notice and the

4

maintenance of the settlement website, consistent with the Notice Plan, has been completed. Class Counsel has also filed an affidavit reflecting the notice efforts undertaken by them.

      vi.    The court finds that the published notice, mailed notice, Internet posting and other notices constitute the best practicable notice of the Fairness Hearing, the proposed Settlement, Class Counsel's application for fees and expenses, and other matters set forth in the Class Notice and the Short Form Notice; and that such notice constituted valid, due and sufficient notice to all members of the Settlement Class, and complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, the laws of New York and any other applicable law.

      vii.    Any persons who wished to be excluded from this Action were provided an opportunity to "opt out" pursuant to the Notice. All persons who have validly excluded themselves from this Action have no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the final judgment herein. The individuals who properly excluded themselves from the Settlement are Frederick Longo and Josephine Hancock.

5

    viii. Settlement Class Members are bound by the Settlement, the Settlement Agreement and releases contained therein, and the Final Order and Judgment, and do not have any further opportunity to opt-out of the Action.

    ix. Any class member who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of Final Order and Judgment, or to Plaintiffs' Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Class Notice and mandated in the Order Granting Preliminary Approval of Settlement, is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

    x. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the claims against the Defendants in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  There are a number of factors which the court has considered in affirming this Settlement, including:

    a. The liability issues in this case have been vigorously contested.

6

  b. The court notes that for settlement purposes, this Settlement has the benefit of providing relief to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to this litigation and among the parties to the individual litigation.  This Settlement provides Class Members with a substantial monetary benefit.

  c. This Settlement is clearly a byproduct of hard-fought litigation between the parties, and not a result of any collusion on the part of Class Counsel or Counsel for the Defendants.

  xi. Class Counsel submitted to the court and served on the Defendants their application for reasonable attorneys' fees, costs, and expenses consistent with the terms of the Settlement Agreement.

  The court declines to provide a multiplier and/or the percentage method on these fees, for reasons detailed in the court's bench decision of September 5, 2007, the transcript of which is incorporated by reference herein.

  Instead attorneys' fees in the amount of $343,744.50, which represents the time spent by the attorneys for the class at the hourly rates traditionally charged in their native jurisdictions is awarded.  The court also

awards Class Counsel's request for reimbursement of pre-settlement litigation expenses in the amount of $10,053.31.[1]

      xii.    The court grants Class Counsel's request for the reimbursement of expenses relative to the administration of the settlement in the amount of $84,233.40.  The court also grants Class Counsel's request to pay the Settlement Administrator  $23,000 for future administrative expenses, for a total of $ 107,233.40.  In the event that the costs of future administration are larger than this estimate, the court will entertain an application to have those sums deducted from the amounts held in escrow pending the completion of any appeals.

      xiii.    Class Counsel has stated their intention to appeal the court's ruling on attorneys' fees.  Pursuant to the Section III(F)(1) of the Settlement Agreement, the proceeds of the settlement may be distributed immediately, consistent with this order, while the sum of $ 296,202.19 (the disputed amount of attorneys' fees) will be held in escrow by the Settlement Administrator.  This amount will be deposited into an insured interest bearing escrow account entitled the "SCJ Settlement Attorneys' Fees Escrow Account," which will be maintained by the Settlement

---

[1] The amounts stated for attorneys' fees and expenses, based on the proffered time records of class counsel, are reflected in Docket Entries 127 & 128.

Administrator, Rust Consulting.  No attorney in this proceeding will have signature authority on this account.  One of the conditions of this account will be that no funds are allowed to be withdrawn from the account absent an order of the court.  The Settlement Administrator will maintain the bank records for this account, and provide them to any party or the court on two business days notice.

      xiv.    The court will not authorize counsel fees to prosecute an appeal, or otherwise provide any future compensation beyond the time expended through the preparation of the proposed order currently before the court, *see Dkt. No. 141*, subject to court approval after submission of accurate billing records within SEVEN DAYS of this order.

      xv.    Should the court's decision be affirmed, all monies remaining in the "SCJ Settlement Attorneys' Fees Escrow Account," with accumulated interest, after deducting amounts allowed to be withdrawn pursuant to the Orders of this court, will be distributed to the claimants on the Settlement on a *pro rata* basis.

      xvi.    Class Counsel has provided the court with a list of 861 individuals who filed timely claims on the settlement.  The court orders that the claims of these individuals be paid by the Settlement Administrator

9


pursuant to the Settlement Agreement.

    xvii.    Class Counsel has provided the court with the identities of thirty-five late claimants on the Settlement.  Leave of court his hereby provided for the thirty-five individuals who filed late claims to participate in the class action settlement and have their claims on the Settlement honored in full.

    xviii.  The claims procedure established under the Settlement Agreement is fair, a simplified process, and workable.  In any event, the court will retain jurisdiction to work out any unanticipated problems.

This court has jurisdiction over the parties and the subject matter of this proceeding.

    xix.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Class is certified for purposes of final settlement:

> All persons who were placed into the custody of the Schenectady County Jail during the period June 29, 2001, through and including June 29, 2005, after being charged with misdemeanors, violations, violations of probation or parole, or held on civil matters, and claim that they were strip searched upon their entry into the Jail.  Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

xx. The court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a Class Action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for Class certification under Rule 23 are present. The Class members are ascertainable and too numerous to be joined. Questions of law *and* fact common to all Class members predominate over individual issues and should be determined in one proceeding with respect to all Class members. The Class Representatives' claims are typical of those of the Class. The Class action mechanism is superior to alternative means for adjudicating and resolving this action.

xxi. The Settlement Class Representative, Lessie Davies, is entitled to and is hereby awarded a payment of $12,000.00, in recognition of the efforts she undertook in connection with this lawsuit. William Davis, an individual who had planned to intervene in this action to assist class counsel, is hereby awarded an incentive award of $1,500.00 in addition to his *pro rata* share of the settlement fund. Former Class Representative Nichole McDaniel will receive no incentive award. All class members who

11

have made claims on the settlement are entitled to receive their *pro rata* share of the settlement fund after administrative expenses, attorneys' fees and expenses, incentive awards and the amounts to be placed in escrow under Paragraph xiii of this Order are deducted from the fund.

xxii.   The court grants final approval of the Settlement Agreement, as being fair, reasonable and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**WHEREFORE IT IS HEREBY ORDERED THAT**

The Motion for Final Approval of the Proposed Settlement is GRANTED in part and DENIED in part as follows:

1. The Settlement Class Representative, Lessie Davies, is entitled to and is hereby awarded a payment of $12,000.00, in recognition of the efforts she undertook in connection with this lawsuit. William Davis, an individual who had planned to intervene in this action to assist class counsel, is hereby awarded an incentive award of $1,500.00 in addition to his *pro rata* share of the settlement fund.  Former Class Representative Nichole McDaniel will receive no incentive award.

12

2. All class members who have made claims on the settlement are entitled to receive their *pro rata* share of the settlement fund after administrative expenses, attorneys' fees and expenses, incentive awards and the amounts to be placed in escrow under Paragraph xiii of this Order are deducted from the fund.

3. Class Counsel's application for attorneys' fees is granted in the amount of $343,744.50. Class Counsel's request for reimbursement of pre-settlement litigation expenses is granted in the amount of $10,053.31. The sum of $296,202.19 (the disputed amount of attorneys' fees) will be held in escrow by the Settlement Administrator. This amount will be deposited into an insured interest bearing escrow account entitled the "SCJ Settlement Attorneys' Fees Escrow Account," which will be maintained by the Settlement Administrator, Rust Consulting. No attorney in this proceeding will have signature this account. One of the conditions of this account will be that no funds are allowed to be withdrawn from the account absent an

order of the court. The Settlement Administrator will maintain the bank records for this account, and provide them to any party or the court on two business days notice.

4. Administration expenses and costs is granted in the amount of $107,233.40. In the event that costs of future administration are larger than this estimate, the court will entertain an application to have those sums deducted from the amounts held in escrow pending the completion of any appeals.

5. This Action and all claims against the Settling defendants are dismissed with prejudice, but the court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Class Members, to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

6. All Class members who have not timely filed an opt-out request are barred and enjoined from commencing and/or prosecuting any claim or action against the Defendants.

> Any Class member who has not timely filed a request to exclude themselves shall be enjoined from initiating and/or proceeding as a class action in any forum.

7. The court will not authorize counsel fees to prosecute an appeal or otherwise provide any future compensation beyond the time expended through the preparation of the proposed order currently before the court.  Class counsel shall submit, within SEVEN DAYS of this order, the amount of attorneys' fees for the time expended for the final fairness hearing through the preparation of the proposed order currently before the court.  *See Dkt. No. 141*.

**It is so Ordered.**

**Albany, New York**
**November 5, 2007**

*Gary L. Sharpe*
U.S. District Judge

16